UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EARL LEVON BAKER, JR.,
     Plaintiff,

v.                        Case No.:  1:25cv377/MW/ZCB

BRIAN S. KRAMER, et al.,
     Defendant.
                              /

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis* (IFP), commenced this action by filing a complaint.  (Doc. 1).  Plaintiff later filed an amended complaint.  (Doc. 5).  The Court performed its screening duty under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b) and determined that the amended complaint was deficient.  (Doc. 8).  Accordingly, on December 30, 2025, the Court ordered Plaintiff to file a second amended complaint that fixed the deficiencies within twenty-one days.  (*Id.* at 10).  Also on December 30, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $15.86 within twenty-one days.  (Doc. 7).

Plaintiff did not file a second amended complaint by the deadline. Nor did Plaintiff pay the initial partial filing fee by the deadline. Therefore, on January 29, 2026, the Court ordered Plaintiff to show

1

cause, within fourteen days, why this case should not be dismissed for failure to comply with Court orders. (Doc. 12). The Court notified Plaintiff that his failure to show cause would result in a recommendation of dismissal. (*Id.*). The deadline for compliance with the show cause order has now passed. Plaintiff has not filed a second amended complaint, paid the initial partial filing fee, or provided good cause for his failure to comply with the Court's orders. Thus, dismissal is warranted.[1]

For the reasons above, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with Court orders. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914-15

---

[1] The Court is aware that its show cause order was returned as undeliverable. (*See* Doc. 13). But this does not excuse Plaintiff's failure to comply because it was his obligation to ensure the Court had his accurate mailing address. (Doc. 3 at 2). *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming district court's dismissal where plaintiff failed to update the court of his address change, which prevented him from complying with court orders); *see also Washington v. Escambia Cnty. Jail*, No. 3:22cv4842, 2022 WL 4486079, at *1-2 (N.D. Fla. June 6, 2022) (dismissing complaint where *pro se* plaintiff failed to ensure the Court maintained his current mailing address), *adopted*, 2022 WL 4486984 (N.D. Fla. Sept. 27, 2022).

(11th Cir. 2018) (affirming dismissal where *pro se* plaintiff failed to file an amended complaint as directed); *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) (affirming dismissal where prisoner failed to pay the initial partial filing fee and failed to respond to a magistrate judge's order to show cause as to why the filing fee had not been paid).

At Pensacola, Florida, this 24th day of February 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

3